**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 25-6090**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GORDON LLOYD SWARTZ, IV,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00039-JPB-JPM-1)

―――――――――――

Submitted:  August 21, 2025              Decided:  November 3, 2025

―――――――――――

Before KING, GREGORY, and BERNER, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

Gordon Lloyd Swartz, IV, Appellant Pro Se.  Jennifer Therese Conklin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Lloyd Swartz, IV, appeals the district court's order denying his motion for compassionate release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). In the motion, Swartz asserted that he was eligible for compassionate release primarily because (1) he was imprisoned during the entire COVID-19 pandemic; (2) he suffers from health issues and receives insufficient health care in prison; and (3) his adult son suffers from Paranoid Schizophrenia and requires constant supervision. For the following reasons, we vacate and remand.

We review a district court's ruling on a motion for compassionate release under the deferential abuse-of-discretion standard of review. *See United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "Under this standard, this Court may not substitute its judgment for that of the district court." *Id.* (internal quotation marks omitted). However, a district court abuses its discretion "when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (internal quotation marks and brackets omitted).

Most relevant here, the Sentencing Guidelines expressly provide that "[t]he death or incapacitation of the caregiver of the defendant's . . . child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" constitutes an "[e]xtraordinary and [c]ompelling [r]eason[]" for compassionate release. U.S. Sentencing Guidelines Manual § 1B1.13(b)(3)(A) (2025). But, although Swartz explained in his motion that his wife—who was previously the sole caregiver for

2

Swartz's son—had recently passed away, the district court rejected this ground for release based on the erroneous assumption that Swartz's wife was "still there" to care for the son. *See United States v. Swartz*, No. 5:22-cr-00039-JPB-JPM-1 (N.D. W. Va., PACER No. 58 at 3).  Because the district court "relie[d] on [an] erroneous factual . . . premise[]" to deny Swartz's motion, *Bethea*, 54 F.4th at 831 (internal quotation marks omitted), we find that the court abused its discretion in denying compassionate release.

Accordingly, we vacate the district court's order and remand for further consideration by the district court.  By this disposition, we express no opinion as to the ultimate disposition of Swartz's motion for compassionate release.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*